UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-2580

UNITED STATES OF AMERICA :
                         :
            v.           :
                         :
CARLOS E. ALMONTE,       :
                         :
         Appellant       :
                         :

ON APPEAL FROM A FINAL JUDGMENT OF CONVICTION
AND SENTENCE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.N.J. CRIMINAL NO. 11-132(DRD))

BRIEF FOR APPELLANT CARLOS E. ALMONTE
FILED PURSUANT TO ANDERS V. CALIFORNIA
AND APPENDIX VOLUME I OF II

James Patton
Attorney At Law
209 S. Livingston Avenue. Suite 9
Livingston, New Jersey 07039
(973) 992-3500

Attorney for Appellant
Carlos E. Almonte

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................... iii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ..................... 1

STATEMENT OF RELATED CASES ..................... 2

STATEMENT OF ISSUES and
STANDARD OF REVIEW ............................. 2

STATEMENT OF THE CASE .......................... 2

    A.   Nature of the Case .................... 2

    B.   Proceedings and
        Disposition in the Court Below ........ 3

    C.   Statement of Facts ................... 5

SUMMARY OF THE ARGUMENT.......................... 6

ARGUMENT

    THIS APPEAL DOES NOT PRESENT
    ANY NON-FRIVOLOUS ISSUES FOR REVIEW......... 7

    A.   Jurisdiction.......................... 8

    B.   The Plea Hearing...................... 8

    C.   The Sentencing hearing................ 10

        1.   Compliance with Rule 32............ 10

        2.   Reasonableness ................... 11

            a.   The sentence was
                procedurally reasonable ...... 11

            b.   The sentence was
                substantively reasonable...... 12

i

D.    The Appellate Waiver

    1.    Scope of waiver.................... 14

    2.    Waiver was knowing and voluntary... 15

    3.    Enforcement would not work
       a miscarriage of justice........... 16

CONCLUSION ...................................... 19

CERTIFICATION................................... 21

## TABLE OF AUTHORITIES

**Cases**

Anders v. California
386 U.S. 738 (1987)................................... 2,7

Boykin v. Alabama
395 U.S. 238 (1969)................................... 8

Gall v. United States
552 U.S. 38 (2007)................................... 11

Menna v. New York
423 U.S. 61(1975)(per curiam)......................... 8

United States v. Castro
704 F.3d 125 (3d Cir.2013)................... 2,13,14,15,16,17

United States v. Coleman
575 F.3d 316(3d Cir.2009)............................. 7

United States v. Cooper
437 F.3d 324 (3d Cir. 2006)........................... 11,12

United States v. Fuentes-Mariche
2013 WL 5630513,(3d Cir.2013)......................... 17,18

United States v. Goodson
544 F.3d 529 (3d Cir.2008)............................ 14

United States v. Gunter
462 F.3d 237 (3d Cir.2006)............................ 11

United States v. Khattak
273 F.3d 557 (3d Cir.2001)............................ 15,16,17

United States v. King
454 F.3d 187(3d Cir. 2006)............................ 12

United States v. Lessner
498 F.3d 185 (3d Cir. 2007)........................... 11

United States v. Saferstein
673 F.3d 237 (3d Cir.2012)............................ 13

United States v. Tomko
562 F.3d 558(3d Cir. 2009)(en banc)................... 13,17,18

United States v. Washington
358 Fed.Appx. 309 (3d Cir.2009) (unpublished) .......... 8

United States v. Williams
510 F.3d 416 (3d Cir.2007)............................. 14

United States v. Wise
515 F.3d 207(3d Cir. 2008)............................. 13

**Statutes**

18 U.S.C. Section 956(a)(1)............................ 3,8

18 U.S.C. Section 3231................................. 1,8

18 U.S.C. Section 3553(a).................... 2,7,10,11,12,13,17

18 U.S.C. Section 3742(a)............................ 1,3,14

28 U.S.C. Section 1291................................. 1

**Rules**

Fed.R.App.Pro. 4(b) ................................... 1

Fed.R.Crim.Pro. 11.................................... 2,6,15

Fed.R.Crim.Pro. 32.................................... 1,6,10

**APPENDIX**

Information ...................................... 1

Plea Agreement of Carlos Almonte ................ 14

Application for Permission to Enter Guilty Plea .. 23

Judgment ........................................ 31

Statement of Reasons ............................ 36

Motion for Reconsideration ...................... 79

Order Denying Motion for Reconsideration ........ 81

Opinion re Motion for Reconsideration ........... 82

Notice of Appeal ................................ 90

Transcript: March 3, 2011 ....................... 91

Transcript: April 15, 2013 ...................... 127

District Court Docket Sheet ..................... 273

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

Appellant Carlos E. Almonte was charged with committing an offense against the United States for which the United States District Court had subject matter jurisdiction pursuant to 18 U.S.C. Section 3231, which confers upon the District Court original jurisdiction over all offenses against the laws of the United States.

Appellate jurisdiction is conferred upon the Court of Appeals for the Third Circuit by 28 U.S.C. Section 1291 and 18 U.S.C. Section 3742(a).

Almonte complied with Rule 4(b) of the Federal Rules of Appellate Procedure by filing a Notice of Appeal on June 3, 2013. (A 90)[1]. The filing was within fourteen days of May 21, 2013, the date the District Court filed an order and opinion denying Almonte's motion for reconsideration of the sentence imposed by the Court on April 15, 2013. The motion to reconsider the sentence was filed on April 29, 2013, within fourteen days from the date the District Court entered its judgment.  (A 278)

1

---

[1] "A." refers to the Appellant's Appendix filed with this matter. "PSR" refers to Appellant's Presentence Investigation Report filed under seal in this matter.

## STATEMENT OF RELATED CASES

This matter is related to <u>United States v. Mohamed Alessa</u>, Appeal No. 13-2560. By order dated October 24, 2013, the two cases were consolidated for purposes of appellee's brief and disposition only.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Are any non-frivolous issues presented for review?

## STATEMENT OF THE STANDARD OF REVIEW

This Court exercises plenary review over a motion filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1987). <u>United States v. Castro</u>, 704 F.3d 125, 135 (3d Cir.2013).

## STATEMENT OF THE CASE

### A. Nature of the Case

The brief is filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). The defendant, Carlos E. Almonte, was represented by counsel throughout the entire case. Almonte exercised his right to waive a jury trial and to enter a guilty plea pursuant to a plea agreement. The plea hearing met the requirements of the Fed.R.Crim.Pro. 11. During the plea, Almonte waived his right to an appeal if the Court imposed a sentence of thirty years or less.

During the sentencing, which complied with the Fed.R.Crim.Pro. 32, Almonte received a downward variance under 18 U.S.C. Section 3553(a), dropping from an Offense Level 42, Criminal History Category VI, Guidelines range of thirty years to life, to a sentence of twenty years imprisonment. Almonte's appeal is,

therefore, barred by his appellate waiver. Counsel has reviewed the entire record and determined there are no non-frivolous issues to present on appeal.

Accordingly, counsel respectfully requests to be relieved from further representation in this case.

### B.    Proceedings and Disposition Below

On March 3, 2011, Almonte pled guilty to a one-count information charging that he conspired to commit outside the United States an act that would constitute the offense of murder if committed in the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. Section 956(a)(1). (A 108)

Almonte's plea was entered pursuant to a plea agreement contained in a letter dated November 10, 2010 and re-affirmed during the plea hearing. (A 111-112) The agreement provided that the applicable Offense Level was 42 and Criminal History Category was VI, resulting in an advisory Guidelines range of thirty years to life. (A 21-22)

The plea agreement also contained an appellate waiver that reads in pertinent part as follows:

> Carlos Almonte knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. Section 3742 or a motion under 28 U.S.C. Section 2255, which challenges the sentence imposed by the sentencing court if the Court sentences the defendant to a term of imprisonment of thirty (30) years or less.

(A 21-22)

3

During the plea allocution, Almonte acknowledged that the plea agreement contained an appellate waiver, that he understood the terms of the waiver and that the waiver only allowed him to challenge his sentence if the Court imposed a sentence of more than thirty years. (A 115-116)

Sentencing was conducted on April 15, 2013. The Court imposed a sentence of twenty years incarceration. (A 31-35)

During the sentencing hearing, there was a terrorist bombing at the Boston marathon. During the government's oral argument, A.U.S.A. Welle handed a note to A.U.S.A. Kogan, who was making his portion of the argument, advising him of the bombing. Following the completion of the argument, the Court retired to consider its sentence. During the recess, the Court learned of the Boston bombing. The Court then returned and imposed the sentence.

At the time of the sentencing, the only party that was unaware of the terrorist attack in Boston was the defense.

Concerned about the impact of the attacks on the government's argument and on the Court's decision, and further concerned that the defendants were essentially unrepresented during a critical part of the proceedings because of the fact that only defense was unaware of the attacks during the sentencing hearing, the defense moved to reconsider the sentence, for a new sentencing hearing and for a hearing upon the motion. (A 79)

The court denied the defense motions. (A 81-89)

The defendant filed a timely notice of appeal. (A 90)

4

C.    **Statement of Facts**

Almonte and his codefendant Mohamed Alessa were arrested on June 5, 2010, as they attempted to board separate flights to Cairo, Egypt. They intended to travel to Somalia to join Al Shabaab, a radical Islamist militant group affiliated with Al Qaeda. Both Al Shabaab and Al Qaeda have been identified as terrorist organizations by the United States government. (PSR par. 5)

Alessa and Almonte desired to join Al Shabaab in furtherance of a conspiracy to murder individuals whose beliefs and practices they believed were contrary to Islamic law. (PSR par. 6)

The arrests represented the culmination of a years-long investigation into the activities of Alessa and Almonte, which began when people who knew them alerted law enforcement that they feared the two wanted to commit an act of violent extremism or join a violent extremist group. (PSR, par. 7)

On October 9, 2006, a family member of Almonte sent a tip through the FBI's website concerning Almonte's activities, including an interest in terrorist videos and statements he made. The family member expressed concern over Almonte's state of mind. (PSR par. 16)

In 2007, Almonte and Alessa traveled to Jordan. In his plea allocution, Almonte admitted that he traveled to Jordan in furtherance of a conspiracy to travel outside the United States to murder individuals whose beliefs and practices he believed to be contrary to Islamic law. Almonte admitted that while in Jordan, he

met with people who sympathized with groups committed to establishing Islamic law through violence and he inquired about opportunities to meet with such groups. (A 119).

Almonte admitted that he acquired, viewed and displayed for others materials produced by or related to terrorist groups that encouraged, depicted and sought to justify acts of violence against non-Muslims. (A 119)

Almonte admitted that in furtherance of the conspiracy, he engaged in combat simulation using paint ball guns, computer software and other items; that he physically conditioned himself; that he acquired hydration systems, tactical clothing and other equipment; that he obtained money and that he attempted to travel through Egypt to Somalia to join Al Shabaab. (A 120)

## SUMMARY OF ARGUMENT

There are no non-frivolous issues to raise on appeal. The plea retraction met the requirements of the Fed.R.Crim.Pro. 11. All of the constitutional requirements were established at the time of the plea.

As part of the plea agreement, Almonte waived his right to appeal if the district court's sentence was thirty years or less. The district court's sentence of twenty years fell within the agreed upon range, thus triggering the appellate waiver and barring the appeal.

The sentencing proceedings met the requirements of the Fed.R.Crim.Pro. 32. The district court fully complied with this

Court's three-step sentencing process by correctly calculating the advisory Guidelines range and examining the 18 U.S.C. Section 3553(a) sentencing factors.   The court listened to the parties' arguments and granted Almonte's request for a downward variance under Section 3553(a)(1).

The waiver of appeal was knowing and voluntary. The scope of the waiver covers an appeal in this case and enforcement of the appellate waiver would not work a miscarriage of justice.

For all these reasons, counsel requests to withdraw from this case.

**LEGAL ARGUMENT**

**THIS APPEAL DOES NOT PRESENT ANY
NON-FRIVOLOUS ISSUE FOR REVIEW**

In <u>Anders v. California</u>, 386 U.S. 738, 744 (1967) the Supreme Court held that if, after a conscientious review of the record, counsel determines that there are no non-frivolous issues for review, he should so advise the Court and request permission to withdraw.   Under <u>Anders</u>, this Court must determine: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a) by thoroughly searching the record for appealable issues and explaining why those issues are frivolous and (2) whether an independent review of the record presents any non-frivolous issues.   <u>United States v. Coleman</u>, 575 F.3d 316, 319 (3d Cir.2009).

Following an unconditional guilty plea, a defendant is limited to only three appealable issues: (1) the district court's

7

jurisdiction, (2) the validity of his plea, and (3) the reasonableness and legality of his sentence. United States v. Washington, 358 Fed.Appx. 309, 312 (3d Cir.2009) (unpublished) (citing Menna v. New York, 423 U.S. 61, 62 n.2, 63 (1975)(per curiam)). In this case, counsel's review of the record has disclosed no non-frivolous issues for appeal and, accordingly, he requests permission to withdraw.

**A. Jurisdiction**

The district court's jurisdiction over this case properly arose under 18 U.S.C. Section 3231 because the defendant was charged with committing an offense against the United States. The defendant never disputed the court's jurisdiction and counsel does not do so on appeal.

**B.    The Plea Hearing**

On March 3, 2011, Almonte pled guilty to a one-count information charging that he conspired to commit at a place outside the United States an act that would constitute the offense of murder if committed in the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. Section 956(a)(1). (A 107-122)

The plea was entered pursuant to a negotiated plea agreement. As part of his plea agreement, Almonte waived his right to an appeal if his sentence was 30 years or less. (A 21-22) A review of the plea hearing transcript reveals no issues for appeal with respect to the validity of the plea.  See Boykin v. Alabama, 395 U.S. 238 (1969).

The defendant was sworn and asked if he understood the information. (A 107-108) The court advised Almonte of his various constitutional rights, including the right to indictment, the right to a jury trial, the government's burden of proof, and the presumption of innocence and confirmed that Almonte wished to waive those rights and enter a guilty plea. (A 108, 116-117)

The Court established that Almonte was mentally competent, that he was not under the influence of any medication or other substance and that he understood the nature of the proceedings, the options available to him and the potential consequences of the guilty plea. (A 107-108;112-114)

The court also established that Almonte's decision to plead guilty was knowing and voluntary and was not the product of any threats or coercion. (A 114-115)  The advisory nature of the sentencing guidelines was reviewed (A 113-114), as were the terms of the written plea agreement, including defendant's appellate waiver. (A 115-116) A full factual basis for the plea was established on the record, by defendant under oath. (A 117-121)

In short, the plea colloquy was comprehensive and thorough. All of the constitutional requirements for a valid plea were established and there were no questions about the defendant's competence or comprehension. Likewise, the requirements of Rule 11 were met and there is simply no basis upon which to raise an issue as to the validity of the plea.

C.    The Sentencing Hearing

On April 15, 2013, Almonte appeared for sentencing before the district court. (A 127-272) A review of the transcript of the sentencing hearing discloses that there are no issues for appeal with respect to the validity of the sentencing proceeding because it complied, in every respect, with Fed.R.Crim.Pro. 32.

Furthermore, the district court fully complied with this Court's three step sentencing process by correctly calculating the advisory Guidelines range and examining the 18 U.S.C. Section 3553(a) sentencing factors.  Finally, the court granted Almonte's request for a variance by sentencing him below the advisory Guidelines range.

1.    Compliance with Rule 32

Fed.R.Crim.Pro. 32 sets forth the requirements for sentencing. The district court complied with all the requirements of Rule 32 in imposing sentence in this case. In compliance with Rule 32(c)(1), the district court afforded defense counsel and the government the opportunity to comment on the Presentence Report and voice any objections. (A 264-265)[2]

In accordance with Rule 32(c)(3), the court afforded defense counsel an opportunity to speak on behalf of the defendant (A 171-195); addressed the defendant personally and gave him the opportunity to make a statement (A 195- 197); and afforded the

10

---

[2]The Court asked the parties to submit written objections and comments to the PSR.  The submission on behalf of Almonte was sent to the Court on March 8, 2013, approximately five weeks before the sentencing hearing.

government the opportunity to address the court regarding the appropriate sentence. (A 197 - 256) Finally, in accordance with Rule 32c(5), the court advised Almonte of his right to appeal his conviction and sentence, subject to any appellate waiver.(A 270)

### 2.   **Reasonableness**

The court reviews all sentences for procedural and substantive reasonableness. United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007). Procedurally, the district court must (1) correctly calculate the advisory Guideline range, (2) rule on any departure motions, and (3) evaluate the section 3553(a) factors and explain the chosen sentence in a manner that allows for meaningful appellate review of the substantive reasonableness of the ultimate sentence. See Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). Substantively, this Court must be satisfied that the district court exercised its discretion by considering the relevant Section 3553(a) factors and reasonably applying those factors to the instant case. United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006).

### a.   **The sentence was procedurally reasonable**

The record reveals that the district court's sentence was procedurally reasonable. The parties agreed with the Guidelines offense level calculation and made no departure motions under step two of the sentencing process. (A 264-265).

With regard to step three, Almonte made arguments in favor of

11

a downward variance under Section 3553(a) (A 171-195) The district court considered all the Section 3553(a) factors, granted Almonte's downward variance request and adequately explained the basis for its sentence. (A 266 - 268). Specifically, the district court concluded that a downward variance was appropriate under Section 3553(a)(1), history and characteristics of the defendant. On this basis, the court varied downward by ten years from the bottom of the advisory guideline range of thirty years to life and imposed a sentence of twenty years imprisonment.

Here, the record demonstrates that the district court listened to Almonte's arguments, considered the Section 3553(a) factors and stated adequate reasons on the record for the sentence ultimately imposed.  See Cooper, 437 F.3d at 327-28 (court must give meaningful consideration to the Section 3553(a) factors); United States v. King, 454 F.3d 187, 196-97 (3d Cir. 2006)(district courts need only "state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review.") The court explained why a below guidelines sentence was warranted and explained its rationale for arriving at that sentence. (A 75-78;264-268) Finally, the ultimate sentence imposed fell within the range agreed to by the parties.

### b.   **The sentence was substantively reasonable**

The record also reveals that the sentence imposed was substantively reasonable. Almonte faced an advisory guidelines range of thirty years to life. (PSR par. 206)  This court will

affirm a procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)(en banc).

As stated above, when imposing sentence, the district court listened to Almonte's arguments in favor of a below guidelines sentence and granted his request. It explained why downward variance was appropriate. The district court fashioned a below guidelines sentence based on a thorough evaluation of the Section 3553(a) factors and imposed a sentence which "falls within the broad range of possible sentences that can be considered reasonable in light of [those] factors." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008)

### D.   The Appellate Waiver

As part of the plea agreement, Almonte and the government entered into a mutual appeal waiver whereby the parties stipulated that Almonte waived the right to file an appeal challenging the sentence imposed if that sentence was thirty years or less. The district court imposed a sentence of twenty years incarceration.

Courts decline to exercise jurisdiction over the appeal where (1) the issues on appeal fall within the scope of the waiver, and (2) the defendant knowingly and voluntarily agreed to the waiver, unless (3) enforcing the waiver would work a miscarriage of justice. United States v. Castro, 704 F.3d 125, 135 (3d Cir. 2013), quoting United States v. Saferstein, 673 F.3d 237, 242 (3d Cir.2012)

13

In this case, the issues on appeal fall within the scope of the waiver, Almonte knowingly and voluntarily agreed to the waiver, and enforcing the waiver would not work a miscarriage of justice.

### 1.    Scope of Waiver

In evaluating the scope of the waiver, Courts analyze the language of the plea agreement using contract law standards. <u>United States v. Castro</u>, 704 F.3d 125, 135 (3d Cir. 2013), citing <u>United States v. Goodson</u>, 544 F.3d 529, 535 n.3) In view of the government's tremendous bargaining power, courts will strictly construe the text of a plea agreement against the government when it has drafted the agreement. <u>United States v. Castro</u>, 704 F.3d 125, 135 (3d Cir. 2013), quoting <u>United States v. Williams</u>, 510 F.3d 416, 422 (3d Cir.2007)

In this case, the scope of the waiver is broad and clear. The language, contained in stipulation 10 of the plea agreement reads in relevant part as follows:

> Carlos Almonte knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. Section 3742 or a motion under 28 U.S.C. Section 2255, which challenges the sentence imposed by the sentencing court if the Court sentences the defendant to a term of imprisonment of thirty years or less....

(A 21-22)

The Court imposed a sentence of twenty years.  Accordingly, under this stipulation, Almonte waived the right "to file **any appeal**.... which challenges the sentence imposed by the court..." (Emphasis added)

14

Accordingly, the issue on this appeal falls within the scope of the waiver.

### 2. The waiver was knowing and voluntary

The next issue a court will look at in this case is whether Almonte knowingly and voluntarily waived his rights to appeal. In determining that, Courts look to whether the sentencing judge satisfied the requirements of Fed.R.Crim.Pro. 11(b)(1)(N). United States v. Castro, 704 F.3d 125, 135 (3d Cir. 2013), citing United States v. Khattak, 273 F.3d 557, 563 (3d Cir.2001)

Rule 11(b)(1)(N) provides that "before the court accepts a plea of guilty ... the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right to appeal ..."

The judge did exactly that. He discussed the stipulation, the fact that Almonte had a right to appeal, that he agreed to waive his right to appeal if the judge imposes a term of imprisonment of thirty years or less. The judge stated the agreement in another way, noting that under the agreement Almonte could only challenge the sentence if the court sentenced him to more than thirty years. Almonte said he understood and that he had discussed these terms with his attorney. (A 115-116)

Accordingly, the evidence shows that Almonte voluntarily waived his right to appeal.

15

### 3.    Enforcement would not work a miscarriage of justice

The last issue Courts examine in evaluating waivers of appeal is whether it would be a miscarriage of justice if the waiver was enforced and a defendant were not able to appeal.

Courts consider a number of factors in determining whether enforcing the appellate waiver would work a miscarriage of justice. United States v. Castro, 704 F.3d 125, 136 (3d Cir. 2013), citing United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001). These include "the clarity of the error [alleged below], its gravity, its character ... the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which the defendant acquiesced in the result." United States v. Castro, 704 F.3d 125, 135 (3d Cir. 2013), quoting United States v. Khattak, 273 F.3d 557, 563 (3d Cir.2001).

Here, nothing indicates it would be a miscarriage of justice to enforce the waiver of appeal.

There was no error in the Court's calculation of the sentencing guidelines. The Court and the probation officer who wrote the presentence report accepted the stipulations of the parties that the offense level was 42, the criminal history category was VI and the resulting guidelines sentence range was 360 months to life imprisonment. Furthermore, neither Almonte, his co-defendant Alessa or their respective counsel objected at the sentencing hearing to these calculations.

The next issue is whether the sentence imposed was substantively reasonable. A court will affirm the sentence imposed

16

"unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Fuentes-Mariche, 2013 WL 5630513, at page 3, (C.A.3, 2013), citing United States v. Tomko, 562 F.3d 558, 568 (3d Cir.2009).

As set forth in its Statement of Reasons for the sentence, the Court carefully considered the factors set forth in 18 U.S.C. Section 3553 a, including the nature and circumstances of the offense, the characteristics and history of the defendants and the need to deter others. (A 67)

The Court also considered Almonte's arguments and rejected the conclusions of the government experts that Almonte were suffered from an Antisocial Personality Disorder. (A 64)  The Court accepted Almonte's evidence that he empathized with others, noting his concerns for students who were discriminated against and his compassion for a grossly obese boy and a boy who suffered from cerebral palsy whom he took under his wing. (A 65)

The Court imposed a sentence that was a full ten years less than the minimum sentence recommended by the sentencing guidelines and two years less than the sentence imposed on Alessa.

Considering the guideline recommendation and the possible sentence Almonte faced, the sentence was not a miscarriage of justice, United States v. Castro, 704 F.3d 125, 136 (3d Cir. 2013), citing United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001), or that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district

court provided." <u>United States v. Fuentes-Mariche</u>, 2013 WL 5630513, at page 3, (C.A.3, 2013), citing <u>United States v. Tomko</u>, 562 F.3d 558, 568 (3d Cir.2009).

Nor does the evidence support the argument that the sentence was influenced by the events in Boston.

As the Court noted in it's opinion rejecting Almonte's argument that AUSA Kogan changed his argument to focus on the vulnerability of domestic terrorism after learning of the bombing, the government argument about the dangers of domestic terrorism was made by AUSA Welle, before the news of the bombing. It was Welle, who after he had spoken, handed the note to Kogan. (A 84-86,88)

Furthermore, the Court ruled that given the statements by defendants about a willingness and desire to commit acts of domestic terrorism, it was appropriate for the prosecution to include arguments relating to the dangers of domestic terrorism in its argument. (A 87)

Nor did the Court consider the bombing in passing its sentence. The Court noted that for many weeks prior the sentencing hearing, the Court reviewed with care the material provided by the parties and reached tentative conclusions, subject to any additional considerations presented at the sentencing hearing. The Court prepared a 43 page preliminary statement of reasons for granting a variance, albeit not for the 15 years that the defendants sought. (A 83-84)

After the oral arguments, the Court retired to consider

sentence.   It was then that the Court learned of the bombings. (A 86-87)

Nonetheless, the Court did not change its conclusion as to the appropriate sentence reached before the government argued for a more severe sentence and before the Boston bombing. (A 86-87)

Accordingly, the facts do not support an argument that the Boston bombing had anything to do with the sentence imposed in this case.

Indeed, although a district court may resentence a defendant where the trial judge's exercise of judicial discretion was tainted or impeded, there is no evidence that the Court's discretion in this case was neither tainted or impeded.

Finally, in rejecting Almonte's motion, the court noted that 18 U.S.C. Section 3582 c provides that the court may not modify a term of imprisonment once it has been imposed except under specified circumstances which do not exist here.

## CONCLUSION

In short, the plea and sentencing hearings were comprehensive and thorough.   The defendant's sentence, which fell below the advisory guideline range, was both procedurally and substantively reasonable. Enforcement of the appellate waiver would not be a miscarriage of justice.

As such, Almonte has no remedy and no avenue of appeal that can be regarded as non-frivolous under existing law.

Accordingly, counsel respectfully requests that the motion to withdraw as counsel be granted.

Respectfully submitted,

James Patton, Esq.
209 S. Livingston Ave., Suite 9
Livingston, New Jersey 07039
(973) 992-3500

Attorney for Appellant
Carlos E. Almonte

Dated: November 25, 2013
Newark, New Jersey

## COMBINED CERTIFICATION

It is hereby certified that the undersigned, James Patton, is admitted to the Bar of the United States Court of Appeals for the Third Circuit.

All of the filed documents were virus scanned and the virus software used was Norton Endeavors.

The hard copy and the electronic version of all documents are identical.

In addition to being electronically filed, an original and nine copies of my motion to be relieved as counsel, my certification in support of that motion, the brief in support of my motion and four copies of the appendix were filed with the Third Circuit Court of Appeals, Office of the Clerk, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, Pa. 19106-1790 by first class mail.

Copies were also served this day by first class mail on my adversary, Mark Coyne, Office of the United States Attorney, 970 Broad Street, Newark, New Jersey, 07102; on counsel for the consolidated appellant, Stanley L. Cohen, Esq., 119 Avenue D, Fifth Floor, New York, New York 10009; and on Appellant, Carlos E. Almonte, Reg. No. 61800-050, United States Penitentiary, P.O. Box 1000, Marion, Illinois 62959.

James Patton

Dated: November 25, 2013

21